# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MELEIKA,** | Civ. No. 21-16720 (KM)(CLW) |
| Plaintiff, | |
| v. | **OPINION** |
| **INSTAGRAM,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

On September 9, 2021, Mr. Meleika, *pro se*, filed the Complaint in this action, naming Instagram as defendant. (DE 1) By separate order, I am simultaneously granting his application to proceed *in forma pauperis*. On screening, the Complaint will be dismissed without prejudice.

**Standard**

Because this court has granted *in forma pauperis* status it is obligated to screen the allegations of the Complaint to determine whether it

(i)  is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns,* 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018),

1

*report and recommendation adopted*, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**Discussion**

This Complaint fails to state a viable claim. Factually, the Complaint alleges only the following:

> Instagram is a Internet website that Big Business names use to sponsor their photos Believing it will generate for them more money like the superbowl commercials. They believe it's good for marketing purposes so they gave the founder a billion dollars Facebook bought Instagram.

(DE 1 at 4.)

> As causes of action, it lists the following:
>
> Section 1983 money for deprivation of any or all my rights. 1st, 4th, 5th, 6th, 14th amendment right and all of my Rights.

(DE 1 at 3) The alleged injuries are "lack of compensation," "emotional stress," and "attorney fees for litigation." The plaintiff seeks between $50 million and $200 million in damages. (DE 1 at 5)

To state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

There is no Section 1983 or constitutional cause of action against a private company such as Instagram. Nor do the factual allegations suggest any cause of action that plaintiff would have standing to pursue. Plaintiff complains that Instagram is too big and too wealthy but does not set forth facts suggesting that he has been personally injured by any wrongful conduct of Instagram.

## CONCLUSION

For the reasons stated above, the Complaint is DISMISSED without prejudice upon initial screening pursuant to 28 U.S.C. § 1915(e). This dismissal is without prejudice to the filing, within 30 days, of an amended complaint. If no such amended complaint is received, this dismissal will become a dismissal with prejudice. An appropriate order accompanies this opinion.

Dated: September 13, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty
United States District Judge**