## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MELEIKA,** | Civ. No. 21-16720 (KM)(CLW) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **INSTAGRAM,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

On September 9, 2021, Steven Meleika, *pro se,* filed an initial complaint in this action, naming Instagram as defendant. (DE 1.) I granted the application to proceed *in forma pauperis,* and dismissed the complaint on initial screening without prejudice.[1] On October 5, 2021, Mr. Meleika submitted a document titled "brief" containing a short statement of the case and attaching apparent screenshots from Instagram. (DE 6.) As this document was filed within the 30-day period for the filing of an amended complaint, I will liberally construe this filing to be an amended complaint.

### I.     Standard

Because this court has granted *in forma pauperis* status it is obligated to screen the allegations of the Complaint to determine whether it

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

---

[1]     The original complaint alleged violations of 42 U.S.C. § 1983. On screening, I noted, *inter alia,* that there is no Section 1983 civil rights claim or constitutional cause of action against a private company such as Instagram.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), *report and recommendation adopted*, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## II.    Discussion

The Amended Complaint itself states only the following:

Plaintiff sues defendant for violating his civil rights. The plaintiff
sues Instagram for sponsorships that he has not been paid for yet.
The defendant sold Instagram as a marketing website for business
and is a billionaire and has insurance.

(DE 6 at 1.)

It is unclear what claim or claims Mr. Meleika intends to bring. No cause
of action is alleged, other than "civil rights." The amended complaint has
deleted the invalid reference to 42 U.S.C. § 1983, but it still does not specify
any other cause of action. The amended complaint refers to sponsorships, but
it does not even allege that Mr. Meleika's Instagram account has any such
sponsorships, and does not explain what sponsorships are at issue. It is well
known that advertisers may enter into agreements to pay for ads or product
placement, but no such agreement is alleged here.[2] In addition, the complaint
does not state why Instagram is allegedly obligated to pay the plaintiff.

### CONCLUSION

For the reasons stated above, the amended complaint (DE 6) is
DISMISSED without prejudice upon screening pursuant to 28 U.S.C. § 1915(e).
This dismissal is without prejudice to the filing, within 30 days, of a proposed
second amended complaint.  If no such complaint is received, this dismissal
will become a dismissal with prejudice. An appropriate order accompanies this
opinion.

Dated: October 6, 2021

/s/ Kevin McNulty

_____
**Kevin McNulty**
**United States District Judge**

_____

[2]   The images attached to the amended complaint are dark and frankly confusing.
Some bear the names of companies and the designation "sponsored." Attaching the
designation "sponsored" to a corporate name is not a sufficient allegation of an actual
agreement to, *e.g.,* place an advertisement. The complaint does not explain the
significance of the screenshots.

3